# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT-CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF **event-docketing statement objection/correction filed.**

| | |
|---|---|
| **Appeal No. & Caption** | 25-1736 |
| **Originating No. & Caption** | 8:20-cv-01502-JRR |
| **Originating Court/Agency** | USDC Maryland |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USC Sec. 1291 |
| Time allowed for filing in Court of Appeals | 30 days |
| Date of entry of order or judgment appealed | October 10, 2024 |
| Date notice of appeal or petition for review filed | June 25, 2025 |
| If cross appeal, date first appeal filed | n/a |
| Date of filing any post-judgment motion | November 7, 2024 |
| Date order entered disposing of any post-judgment motion | May 27, 2025 |
| Date of filing any motion to extend appeal period | n/a |
| Time for filing appeal extended to | n/a |
| Is appeal from final judgment or order? | ☒ Yes　☐ No |
| If appeal is not from final judgment, why is order appealable? | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ☐ Yes | ☒ No |

1/28/2020 SCC
AGG\4928-7933-1413.v1-7/15/25

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ☒ Yes | ☐ No |
| Has transcript been filed in district court? | ☒ Yes | ☐ No |
| Is transcript order attached? | ☐ Yes | ☒ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | No. 23-1928; No. 24-1761; No. 24-1434 | |
| Case number of any pending appeal in same case | n/a | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ☐ Yes | ☒ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ☒ Yes | ☐ No |
| Does case involve question of first impression? | ☒ Yes | ☐ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ☐ Yes | ☒ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

This case arises from Defendant/Tenant Investors Warranty of America, LLC's ("IWA") assignment of its leasehold interest in real property owned by Plaintiff/Landlord Rock Spring Plaza LLC ("Plaza"). IWA assigned its leasehold interest to Defendant/Assignee Rock Springs Drive LLC ("RSD"), and Plaza brought this case to challenge the validity of the assignment.

Under the terms of the parties' lease agreement IWA is expressly permitted to assign the leasehold without advance notice to, or consent from, Plaza. Further, IWA is granted the "absolute right" to assign the leasehold to "any third party," and "[s]o long as such third party assumes all of the Tenant's obligation under the Ground Lease," the Tenant shall be "automatically released from any further liability thereunder."

Pursuant to the assignment, RSD assumed the tenant's lease obligations and thereafter paid all ground rent and performed all obligations owed under the terms of the lease up to the present day.

Plaza nevertheless sued IWA and RSD alleging that the assignment of the lease was wrongful because, in Plaza's view, RSD was a "sham" entity that IWA controlled, not a "bona fide" third party, and not independently financially capable of fulfilling the tenant's lease obligations. Plaza sought a declaratory judgment that the assignment constituted a fraudulent conveyance and is invalid and that IWA is the alter ego of RSD and therefore IWA remains liable under the lease.

IWA and RSD moved for dismissal of Plaza's claims as a matter of law via motions to dismiss under Rule 12 and motions for summary judgment under Rule 56. The court denied all such motions.

In August 2024 the case was tried to a jury, which returned a verdict in Plaza's favor on all claims, and against IWA and RSD on their counterclaims.

The court subsequently entered final judgment on the jury's verdict and declared IWA's assignment of the Lease to RSD to be annulled and set aside. The final judgment further declared the assignment provisions of the parties' lease implicitly include the following duties and obligations, though such duties are not stated in the language of the lease:

> (a) that IWA's express, absolute right of assignment stated in the lease is restricted such that IWA may only assign its leasehold interest to an assignee who is "a bona fide third party that is independently capable of assuming and performing the tenant's obligations…" (Final Judgment para. 6);
>
> (b) that lease provisions providing for the automatic, unconditional release of the tenant upon assignment of the leasehold shall not operate to release IWA from its lease obligations … if its assignee "lacks the independent capacity to assume and perform the tenant's obligations under the [lease]" (Final Judgment para. 7); and
>
> (c) that in the event of any future assignment during the remaining term of the lease, the landlord shall be entitled to request and obtain from IWA "basic information sufficient to provide adequate assurance that any putative assignee is a bona fide third party with the independent capacity to assume and perform tenant's obligations under the [lease]" (Final Judgment para. 8).

During the pendency of Defendants' post-judgment motions for directed verdict or new trial under Rules 50 and 59, the trial judge, Honorable Peter J. Messitte, died. Thereafter, pursuant to Rule 63, Judge Julie R. Rubin took up the defendants' post-judgment motions, and applying a presumption of correctness to the court's prior rulings, denied the motions.

During the course of proceedings below, the defendants sought mandamus relief from this Court on three occasions, and were twice granted relief. Those case numbers are referenced above.

No Maryland case law interprets the type of absolute assignment clause found in this case, therefore this case appears to present a question of first impression.

IWA and RSD bring this appeal seeking reversal of the trial court's judgment, with a direction that, upon remand, judgment be entered in favor of Defendants on all counts, on the primary grounds that the plain and unambiguous language of the lease expressly permitted IWA's assignment of the lease and expressly provided for IWA's release following the assignment, therefore IWA's assignment of the lease to RSD was, as a matter of law, (a) valid and enforceable, (b) not a fraudulent conveyance, and (c) incapable of supporting a judgment that IWA is the alter ego of RSD.

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

1. Did the court err by failing to grant judgment as a matter of law to Defendants that IWA's assignment of the Ground Lease to RSD was valid and effective, and that IWA was released upon RSD's assumption of the leasehold, based upon IWA's absolute and unconditional right to assign the Ground Lease and be released of further liability thereafter, as is expressly and unambiguously stated in the terms of the Ground Lease and Estoppel Agreement?

2. Did the court err by failing to grant judgment as a matter of law to Defendants on Plaintiff's fraudulent conveyance claim because IWA's valid and effective assignment of the Ground Lease negated Plaza's claim of fraudulent conveyance as a matter of law?

3. Did the court err in failing to grant judgment as a matter of law to Defendants on Plaintiff's alter ego claim because IWA's valid and effective assignment of the Ground Lease negated Plaza's alter ego claim as a matter of law?

4. Did the court err by declaring in paragraph 6 of the Final Judgment that the Ground Lease, as modified by the Estoppel Agreement, restricts the assignment of the tenant's interest under the Ground Lease to a bona fide third party that is independently capable of assuming and performing the tenant's obligations under the Ground Lease, where such restriction is not stated in the parties' agreements, and is directly contrary to the absolute and unconditional right of assignment expressly stated in the unambiguous terms of the Ground Lease and Estoppel Agreement?

5. Did the court err by declaring in paragraph 7 of the Final Judgment that any assignment of the tenant's interest under the Ground Lease to any person or entity that lacks the independent capacity to assume and perform the tenant's obligations under the Ground Lease shall not operate to release the assignor from its obligations under the Ground Lease where such limitation of IWA's release upon assignment is not stated in the parties' agreements, and contradicts the absolute and unconditional right of

assignment, and the right to be released upon assignment, that are expressly stated in the unambiguous terms of the Ground Lease and Estoppel Agreement?

6. Did the court err by declaring in paragraph 8 of the Final Judgment that in the event of an assignment of the tenant's interest under the Ground Lease, Plaintiff Plaza (or its successors or assigns as landlord under the Ground Lease) is entitled to request and obtain basic information sufficient to provide adequate assurance that any putative assignee is a bona fide third party with the independent capacity to assume and perform the tenant's obligations under the Ground Lease, where such rights and obligations are not stated in the parties' agreements, and are contrary to the absolute and unconditional right of assignment that is expressly stated in the unambiguous terms of the Ground Lease and Estoppel Agreement?

7. Did the court commit reversible error in Jury Instruction No. 27 because the substance of the law charged was not applicable to the circumstances of the case and the instruction incorporated an erroneous statement of the law, thereby causing serious prejudice to the Defendants' case?

8. Did the court commit reversible error in Jury Instruction No. 29 by instructing the jury on the right to demand adequate assurance of performance, where under Maryland law the doctrine of adequate assurance of performance arises only under the Uniform Commercial Code and has no applicability in the context of a lease of real property?

9. Did the court err by submitting issues of contract construction for the jury's determination without having made an explicit determination that the agreements were ambiguous on those issues, and where the parties' agreements were in fact not ambiguous on those issues, thereby failing to instruct the jury on the correct legal construction of the parties' agreements?

10. Did the court commit reversible error by barring Defendants from introducing evidence of the character and purpose of the Ground Lease and the Estoppel Agreement, and the facts and circumstances of the parties at the time of execution of those agreements, thereby seriously prejudicing the Defendants' case by, among other ways, impairing Defendants' ability to persuade the jury that IWA's true motive, purpose and intention in making the assignment of the leasehold interest to RSD was not to hinder, delay or defraud Plaza?

11. Did the court err by instructing the jury that they were not to consider evidence regarding the loan default by the previous tenant and the foreclosure that resulted in IWA becoming tenant, where such matters were relevant to, among other things, rebut

Plaza's negative portrayal of RSD as a supposedly sham entity and Plaza's negative characterization of IWA's motive in making the assignment, and where the direction to disregard such evidence was materially prejudicial to the Defendants' case?

12. Did the court commit reversible error by excluding evidence of other litigation between affiliates of Plaza and affiliates of IWA involving another property located in the immediate vicinity where such evidence was relevant to the jury's assessment of Defendants' good faith basis for withholding information requested by Plaza and its exclusion was materially prejudicial to Defendant's case?

13. Did the court err in its refusal to instruct the jury that Plaza's Alter Ego claim must be proved by clear and convincing evidence rather than by a preponderance of evidence?

14. Did the trial court err in failing to enter judgment as a matter of law in favor of Defendants on Plaza's alter ago claim because there was insufficient evidence to sustain such claim under controlling Maryland law?

15. Did the court commit reversible error in barring the Defendants from offering testimony from their expert witness Ian Ratner?

16. Did the court commit reversible error in barring the Defendants from offering testimony from their expert witness Douglas Bregman?

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party:<br>Rock Spring Plaza, II, LLC<br><br>Attorney:<br>Alvin Dunn<br>Anthony F. Cavanaugh<br>Deborah B. Baum<br>Katherine Theresa Danial<br>Nicole Steinberg<br>William M. Bosch<br><br>Address:<br>Pillsbury Winthrop Shaw Pittman LLP<br>1200 Seventeenth Street NW | |

1/28/2020 SCC
AGG\4928-7933-1413.v1-7/15/25

| | |
|---|---|
| Washington, DC 20036<br><br>Email:<br>alvin.dunn@pillsburylaw.com<br>Anthony.cavanaugh@pillsburylaw.com<br>Deborah.baum@pillsburylaw.com<br>Katherine.danial@pillsburylaw.com<br>Nicole.steinberg@pillsburylaw.com<br>William.bosch@pillsburylaw.com<br><br>Phone:<br>202-663-8000 | |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br>Email:<br><br>Phone: | Adverse Party:<br><br><br>Attorney:<br>Address:<br><br><br>Email:<br><br>Phone: |

| **Appellant (Attach additional page if necessary.)** ||
|---|---|
| Name:<br>Investors Warranty of America, LLC<br><br>Attorney:<br>Rebecca A. Davis<br>Kevin B. Getzendanner<br>Jennifer L. Shelfer<br><br>Address:<br>Arnall Golden & Gregory LLP<br>171 17th Street NW, Suite 2100<br>Atlanta, GA 30363<br><br>Email: Rebecca.davis@agg.com | Name:<br>Rock Springs Drive, LLC<br><br>Attorney:<br><br>Sara E. Kropf<br><br>Address:<br>Kropf Moseley Schmitt PLLC<br>1100 H Street NW, Suite 1220<br>Washington, DC 20005<br><br>Email: sara@kmlawfirm.com |

1/28/2020 SCC
AGG\4928-7933-1413.v1-7/15/25

| Phone: 404-873-8500 | Phone: 202-627-6900 |
|---|---|
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br>Email:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br>Email:<br><br>Phone: |

**Signature:** /s/ *Rebecca A. Davis*_____ **Date:** June 15, 2025

**Counsel for:** __**Investors Warranty of America, LLC**_____

Certificate of Service (required for parties served outside CM/ECF): I certify that this document was served on _____ by ☐ personal delivery; __mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email address shown:

| Signature: | Date: |
|---|---|