# OFFICE OF THE CIRCUIT MEDIATOR
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| EDWARD G. SMITH | ROBIN R. TIDWELL | JEROME (JERRY) WOODS, II |
|---|---|---|
| CHIEF CIRCUIT MEDIATOR | CIRCUIT MEDIATOR | CIRCUIT MEDIATOR |
| N. MYRTLE BEACH, SOUTH CAROLINA | LEXINGTON, SOUTH CAROLINA | ELKRIDGE, MARYLAND |
| | (803) 490-0447 | |
| | Robin_Tidwell@ca4.uscourts.gov | |

July 29, 2025

Re: 25-1736, Rock Spring Plaza, II, LLC v. Investors Warranty of America, LLC

### NOTICE OF SCHEDULED MEDIATION
**Recommendation for Briefing Extension**
[VIDEO ZOOM LINK](#)

Dear Counsel:

A mediation conference has been scheduled in this case pursuant to Local Rule 33, attached for your reference. The conference will be conducted via a video Zoom call using the provided [link](#) on **August 12, 2025 at 11:00am EASTERN**. You must provide our office with a **direct telephone number for everyone participating** in case of technical difficulties.

**The electronic recording of conferences is strictly prohibited**.

This is an official proceeding of the Court. The counsel listed below are considered to be the primary lawyers responsible for this case and must participate. If any of the counsel listed below do not need to participate, or if additional or different counsel is necessary or beneficial for this conference, or if this date presents an unavoidable conflict with a previously scheduled court appearance, please immediately contact OCM Program Administrator, Lucille Payne at [Lucille_Payne@ca4.uscourts.gov](mailto:Lucille_Payne@ca4.uscourts.gov), or you may call (843) 731-9099.

The conference serves several purposes: firstly, to address and resolve any procedural issues in the case to prevent unnecessary motions or delays; secondly, to identify and clarify the main issues raised in the appeal; and thirdly, to explore any potential opportunities for settlement. All counsel is expected to engage in discussions with their clients regarding settlement and attend the conference with the authority to propose and respond to settlement offers.

      Generally, I do not require attorneys to prepare and submit a mediation statement. However, I believe one confidential (***i.e.* for my-eyes-only**) mediation statement per party is necessary here. Please see the attached document with instructions for preparing and submitting your confidential mediation statement.

      Finally, the Opening Brief and Appendix in this appeal are presently due within a few days of the scheduled mediation conference. Therefore, for the benefit of all counsel and parties, the undersigned Circuit Mediator suggests the due date for the Opening Brief and Appendix be extended to **September 12, 2025**. The due date for the Response Brief will also be extended. If any counsel disagrees with this suggested extension of the briefing schedule, please notify the Program Administrator Lucille Payne and opposing counsel by **10:00am EASTERN on August 4, 2025.**

      For more detailed information on the mediation process of the Fourth Circuit, please **click here**.

Sincerely,

Robin R. Tidwell
Circuit Mediator

Copies:   Deborah B. Baum
             William M. Bosch
             Rebecca Allison Davis
             Kevin B. Getzendanner
             Thomas Landon Howard III
             Sara Elizabeth Kropf
             Jeffrey P. Metzler

# OFFICE OF THE CIRCUIT MEDIATOR
# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## INSTRUCTIONS FOR CONFIDENTIAL MEDIATION STATEMENT

For this mediation, the Circuit Mediator requires counsel for each party of the dispute (unless specified otherwise in the accompanying letter) to send the Circuit Mediator a *Confidential Mediation Statement* assessing the prospects of settlement of the appeal. Counsel should email the statement to the Circuit Mediator no later than **12:00pm EASTERN on Friday, August 8, 2025**.  The Circuit Mediator will not share the statement with the other side(s); and the statement will not become part of the Court file.

The statement should:

1. Identify the case caption, appeal number, and party whom counsel represents.

2. Briefly describe any matters pending in the lower court or in any related litigation including pending motions.

3. Please provide a candid assessment of the strengths and/or weaknesses of your client's side of the appeal.

4. Briefly describe any prior efforts to settle including offers or demands before and after the judgment or order appealed from and what caused the breakdown in negotiations.

5. Briefly describe any recent developments which may affect resolution of the parties' dispute.

6. Briefly describe the necessary terms in any settlement (i.e., confidentiality, date by which settlement must close, scope of release, disposition of related litigation) which your client *currently* requires and any potential barriers to settlement you see (factual, legal, or practical), if any.

7. Briefly describe any additional information which your client may need to settle and whether it is needed for the mediation to be productive.

8. State whether counsel and counsel's client* will participate in the mediation

       in good faith with the intention of using their best efforts to settle. Please explain any "no" answer.

9. Please provide the name, title, email address, and **direct dial telephone number** (no human or automated receptionist) of each person who will be participating in the mediation and designate the lead attorney for each client.

**DO NOT SEND your Confidential Mediation Statement to any opposing counsel, opposing parties, or the Fourth Circuit Clerk's Office. Please send it to: robin_tidwell@ca4.uscourts.gov. ADDITIONALLY, please also send only the information in No. 9 above to lucille_payne@ca4.uscourts.gov.**

**Rule 33. Appeal Conferences**

The court may direct the attorneys - and, when appropriate, the parties - to participate in one or more conferences to address any matter that may aid in disposing of the proceedings, including simplifying the issues and discussing settlement. A judge or other person designated by the court may preside over the conference, which may be conducted in person or by telephone. Before a settlement conference, the attorneys must consult with their clients and obtain as much authority as feasible to settle the case. The court may, as a result of the conference, enter an order controlling the course of the proceedings or implementing any settlement agreement.

***Local Rule 33. Circuit Mediation Conferences***
*All civil and agency cases in which all parties are represented by counsel on appeal will be reviewed by a circuit mediator after the filing of the docketing statements required by Local Rule 3(b). The circuit mediator will determine whether a mediation conference may assist either the Court or the parties. Counsel for a party may also request a conference if counsel believes it will be of assistance to the Court or the parties. Counsel's participation is required at any scheduled conference. Mediation conferences will generally be conducted by telephone but may be conducted in person in the discretion of a circuit mediator. Mediation conferences may be adjourned from time to time by a circuit mediator. Purposes of the mediation conference include:*

  a. *Jurisdictional review;*
  b. *Simplification, clarification, and reduction of issues;*
  c. *Discussion of settlement; and*
  d. *Consideration of any other matter relating to the efficient management and disposition of the appeal.*

*Although the time allowed for filing of briefs is not automatically tolled by proceedings under this local rule, if the parties wish to pursue, or are engaged in, settlement discussions, counsel for any party may move to extend the briefing schedule. The mediator, through the Clerk of the Court, may enter orders which control the course of proceedings and, upon agreement of the parties, dispose of the case.*

*Statements and comments made during all mediation conferences, and papers or electronic information generated during the process, are not included in Court files except to the extent disclosed by orders entered under this local rule. Information disclosed in the mediation process shall be kept confidential and shall not be disclosed to the judges deciding the appeal or to any other person outside*

*the mediation program participants. Confidentiality is required of all participants in the mediation proceedings. All statements, documents, and discussions in such proceedings shall be kept confidential. The mediator, attorneys, and other participants in the mediation shall not disclose such statements, documents, or discussions without prior approval of the Standing Panel on Attorney Discipline. Any alleged violations of this rule shall be referred to the Court's Standing Panel on Attorney Discipline for a determination pursuant to Local Rule 46(g) of whether imposition of discipline is warranted. All proceedings before the Standing Panel on Attorney Discipline involving confidential information under this procedure shall be confidential.*

*Local Rule 33 adopted June 8, 1994; amended December 1, 1995, March 4, 1998, and December 11, 2001.*